**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**EASTERN ILLINOIS GAS AND SECURITY COMPANY, Respondent.**

**No. 18479.**

United States Court of Appeals, Seventh Circuit.

March 15, 1971.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Leonard M. Wagman, Charles R. Both, for N. L. R. B., for petitioner.

Lloyd Morain, San Francisco, Cal., Arthur R. Donovan, Joseph A. Yocum, Evansville, Ind., for respondent; Kahn, Dees, Donovan & Kahn, Evansville, Ind., of counsel.

Before SWYGERT, Chief Judge, and KILEY and PELL, Circuit Judges.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of its order issued on April 29, 1969 against Eastern Illinois Gas and Security Company.[1] The Board found that the company violated section 8(a) (1) of the National Labor Relations Act by discharging employee James E. Doan because of his participation in presenting a grievance about working conditions on behalf of himself and fellow employees. The Board's order requires the company to cease and desist from the unfair labor practice found. Affirmatively, it requires the company to offer Doan reinstatement of his former job and to pay him for any loss of wages due to his discharge.

The Board, contrary to the trial examiner, concluded that "at least one of the moving factors entering into its [the company's] decision to terminate Doan was his role in grieving about a working condition on behalf of himself and his fellow employees." Upon a consideration of the record as a whole, including the findings of the trial examiner, we are convinced that the Board's conclusion is not supported by substantial evidence.

The issue whether Doan's discharge from employment was attributable in part because he engaged in protected activities centers around a meeting on May 17, 1968, arranged by Doan and his fellow employees Harman and Lathrop with the company's local manager at which an alleged grievance was discussed. The grievance concerned the assignment of another employee, Raley, to the more desirable work of installing gas appliances in private homes (in contrast to the less desirable work of digging the trenches outside the home for the gas line) even though Harman had more seniority than Raley.

The Board, by referring to certain evidence which it said the trial examiner did not consider and drawing inferences therefrom, reached the conclusion that there was a causal connection between Doan's discharge and his participation in the May 7 meeting.

We are of the view that the evidence referred to by the Board and the inferences it drew therefrom, when considered within the totality of the facts and circumstances surrounding Doan's discharge, are too flimsy to constitute substantial evidence supporting the Board's finding.

It is evident from the record that the company had legitimate grounds to terminate Doan's employ. (The Board does not contend otherwise.) For example, a fellow employee reported to the company that Doan told employees working with him that it did not matter to him how he installed a gas line, or whether it was in accordance with the prescribed standards, since he did not plan to remain in the company's employ for long. In our opinion the company was not required to retain an employee with this attitude about his work and thereby risk the attendant dangers to life and property.

Of course, if the record supported a finding, which it does not, that Doan's discharge was motivated by the desire of the company to discourage protected activity, the Board's order would be enforceable regardless of the existence of valid grounds for the discharge. In that connection it should be noted that the examiner found, and the Board agreed, there was no evidence of the company's hostility to the union of which Doan was

1. The Board's decision and order are reported at 175 N.L.R.B. No. 108.

a member or to the "collective, concerted activities of its employees."

The Board's request for enforcement of its order is denied.